<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4569**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRENDA SUE CURRY,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:10-cr-00102-FL-1)

———————

Submitted:  January 29, 2013     Decided:  February 1, 2013

———————

Before KING, DUNCAN, and WYNN, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————

Diana Lynn Stavroulakis, Pittsburgh, Pennsylvania, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Brenda Sue Curry pled guilty to two counts of willful failure to file income tax returns, in violation of 26 U.S.C. § 7203 (2006), and the district court sentenced her to six months' imprisonment. Curry now appeals. Her counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court lacked jurisdiction, whether Curry's guilty plea was knowing and voluntary, whether Curry's waiver of appellate rights was knowing and voluntary, and whether the district court imposed a reasonable sentence. Curry was advised of her right to file a pro se supplemental brief, but she has not filed one. The Government has filed a motion to dismiss Curry's appeal of her sentence based on the appellate waiver provision in the plea agreement. We dismiss in part and affirm in part.

We review de novo a defendant's waiver of appellate rights. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive [her] right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted). To determine whether the waiver is knowing and intelligent, we look "to the totality of the circumstances,

2

including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted).

Our review of the record leads us to conclude that Curry knowingly and voluntarily waived the right to appeal her sentence. The issue raised by Curry's counsel questioning whether the district court imposed an unreasonable sentence is within the scope of the waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal of Curry's sentence.

The waiver provision, however, only bars Curry's appeal of her sentence and does not preclude our review of her convictions. Pursuant to Anders, we have reviewed the entire record and have found no unwaived issues that are meritorious and outside the scope of the waiver. The transcript of the Fed. R. Crim. P. 11 hearing reveals that Curry entered her guilty plea knowingly and voluntarily. Although the district court did not inform Curry of the right to counsel at every stage of the proceeding, the right against compelled self-incrimination, and the sentencing process, these omissions did not affect her substantial rights. See United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (discussing plain error standard of

3

review).  Finally, we readily conclude that the district court possessed jurisdiction over the offense with which Curry was charged.  See 18 U.S.C. § 3231 (2006).  We therefore deny in part the Government's motion to dismiss and affirm the convictions.

This court requires that counsel inform Curry, in writing, of her right to petition the Supreme Court of the United States for further review.  If Curry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Curry.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART